# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

August 29, 2022

Erin K. Brignola, Esquire
Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801

Elaina L. Holmes, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805

      Re:    Bruce Alan Chamberlin
                Case No. 18-12034 (BLS)

Dear Counsel:

     This letter follows upon closing arguments in the above matter held on August 24, 2022. Trial in this matter was held on July 19, 2022, following which the evidentiary record was closed. This matter is ripe for disposition.

     In a letter sent to the parties by the Court immediately following the trial, the Court laid out in summary fashion the relevant facts adduced at trial:

     The factual record is not in material dispute. Mr. Chamberlin took his 2010 Mercedes (the "Vehicle") to Richmond Automotive ("Richmond") in April 2018. Repairs were made to the Vehicle and completed by July 2, 2018. Mr. Chamberlin received a series of three checks from his insurance company in or about June 2018 and cashed those checks. Mr. Chamberlin did not pick up his Vehicle in July or August of 2018 because he lacked the funds necessary to pay Richmond for services that had been provided (notwithstanding having received insurance proceeds). Mr. Chamberlin filed for bankruptcy in September 2018, and Richmond was not included on the notice list or creditor matrix.

     Richmond started the process of pursuing a Justice of the Peace Court suit for authority to sell the Vehicle in late December 2018 or early January 2019. On January 21, 2019 Debtor's counsel sent a letter to Richmond requesting turnover of the vehicle; Mr. Richmond testified that he never received the letter. The record reflects that Richmond was added to the creditor matrix in late January 2019. Debtor's counsel filed a motion to enforce the automatic stay, threatening sanctions, in early April 2019, and the vehicle was returned to the Debtor by Richmond on April 24, 2019, following execution by Mr. Chamberlin of two documents that

Erin K. Brignola, Esquire
Elaina L. Holmes, Esquire
August 29, 2022
Page 2

      the Court regards as pretty innocuous. Richmond did not continue to pursue its lawsuit in the Justice of the Peace Court and the record reflects that that lawsuit was dismissed for lack of prosecution on May 23, 2019 after Richmond failed to appear at the trial.[1]

      The Court concludes that Richmond is entitled to a secured claim equal to the value of the Vehicle. The record from the trial reflects that the parties have agreed that the value of the Vehicle is $12,837. Debtor's contention that Richmond should only be treated as an unsecured creditor ignores the fact that Richmond possessed the collateral until returning it under compulsion of legal process and the threat of sanctions. The Court ascribes no significance to the disposition of the Justice of the Peace Court action that had been commenced by Richmond and was effectively abandoned by Richmond (i) following return of the Vehicle and (ii) upon being advised that continued prosecution of that matter would constitute a violation of the automatic stay.

      The Court acknowledges Richmond's argument that the Debtor failed to schedule Richmond as a creditor and has failed to accurately update the creditor matrix in this case. Based upon those failings, Richmond asks that its entire claim be treated as non-dischargeable. The Court respectfully declines to order this relief. The record reflects that the Debtor communicated by letter with Richmond in January of 2019 (notwithstanding Mr. Richmond's credible testimony that he never received the letter) and that in any event Richmond had actual notice of the bankruptcy proceeding no later than April 1, 2019. Caselaw is clear that a debtor may amend its schedules and its creditor matrix consistent with applicable provisions of the bankruptcy rules. The record does not support a finding that the Debtor, a senior citizen manifesting certain disabilities, intentionally failed to provide notice to Richmond of the bankruptcy case. Based upon the record before the Court, the harsh sanction of a ruling of non-dischargeability is not warranted.

      The record from trial reflects that the Debtor still possesses the Vehicle, and the Court will award Richmond an allowed claim, secured by the Vehicle in the amount of $12,837. Any claim asserted by Richmond in excess of the stipulated value of the Vehicle is an unsecured claim. The Court requests that the parties memorialize the foregoing into an order submitted under certification within seven days of the date hereof.[2]

                                            Very truly yours,

                                            Brendan Linehan Shannon
                                            United States Bankruptcy Judge

BLS/jmw
cc:     William F. Jaworski, Esquire
          Chapter 13 Trustee

---

[1]    *See* letter from Court dated July 20, 2022, ¶¶ 2-3 [Docket No. 100].
[2]    The Court is delivering its ruling to the parties by way of letter to provide the parties with a prompt disposition of the matter and an explanation of the grounds for the decision. In the event of an appeal, the Court expressly reserves its prerogative under Local Rule 8003-2 to file a formal opinion in this matter.